40 F.3d 1249
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John E. KAWA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7079.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss John E. Kawa's appeal for lack of jurisdiction. John E. Kawa has not responded.
 
 
 2
 Kawa was denied service connection for bilateral heel, right shoulder, left thigh, and cervical spine disabilities in 1986. Kawa subsequently sought to reopen his claim. The Regional Office denied reopening. After a remand to the Regional Office to issue a supplemental statement of the case, the Board of Veterans Appeals also denied reopening, determining that the evidence submitted by Kawa was not new and material. Kawa appealed to the Court of Veterans Appeals. The Court of Veterans Appeals summarily affirmed the Board's decision, concluding that "[w]hile most of the evidence submitted since the prior [Board] decision of 1986 is new, none of it is material."
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Kawa challenges factual determinations and the application of the law to the facts of his case. Kawa attaches several exhibits relating to medical information and asks this court to review all of the facts and "to note the obvious error in the record of events." As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.